YARBOROUGH v. TRUST COMPANY.

(Filed October 23, 1906).

*Handwriting Experts—Harmless Error—Pleadings as Evidence—Banks and Banking—Forged Checks—Ratification—Burden of Proof.*

1. An exception to the Court's refusal to permit a witness to testify as to how the signature· to a check in controversy compared with a signature admitted to be genuine, is without merit where the same evidence was later admitted, after the witness had qualified as an expert.

2. An exception to the admission of a part only of two paragraphs of the answer is without merit where it is apparent that the admission of a part of the paragraphs and the rejection of the remainder, which contained only conclusions drawn by defendant, could not possibly mislead the jury upon the real issues.

3. A bank is presumed to know the signature of its customers, and if it pays a forged check, it cannot, in the absence of negligence on the part of the depositor, whose check it purports to be, charge the amount to his account.

4. In an action to recover from a bank the amount of a deposit, where the bank admitted the deposit, the burden was upon it to show payment, and an instruction that if the defendant had shown by the greater weight of the evidence that plaintiff signed the check, they should answer the issue "Yes," is correct.

5. Upon an issue as to whether the plaintiff ratified her husband's act in transferring her deposit to another bank and depositing it to his credit, an instruction that "if she dealt with the fund after it was deposited in her husband's name, knowing it was in her husband's name, or if with a knowledge that the fund was deposited in the name of her husband she allowed it to remain there in his name for any length of time, and took no steps to have the same placed to her individual credit, * * * these are matters which the jury may consider in determining whether she ratified the deposit in her husband's name or not; and if the jury are satisfied that she recognized and adopted the deposit in her husband's name, they will answer the issue 'Yes,'" is correct.

ACTION by Amanda Yarborough against the Banking, Loan and Trust Company, heard by *Judge O. H. Allen* and a

jury, at the May Term 1906, of the Superior Court of CUM-BERLAND.

Plaintiff, a married woman, deposited during the month of December, 1904, in defendant banking company, the sum of $1,200, which was duly credited to her account and deposit ticket sent her. On 21 September, 1905, she drew a check on the bank for said deposit, payment of which was refused, said check returned to her endorsed "No funds." This action is prosecuted to recover the amount of said deposit. Defendant admitted that plaintiff made the deposit, but by way of defense alleged that on 23 December, 1904, a check for the amount thereof, to which plaintiff's name was signed, payable to the National Bank of Fayetteville, was presented to, and paid by, defendant. That thereafter, about 1 January, 1905, at the end of the current month, the regular monthly statement of the plaintiff's account, together with said check, as a voucher, was mailed, addressed to her at Hope Mills, N. C. That defendant received no notice of any objection thereto until September, 1905. That the proceeds of said check were placed to the credit of plaintiff's husband, J. R. Yarborough, in said National Bank of Fayetteville, and that plaintiff was notified thereof and acquiesced in and ratified the same, drawing checks thereon. Defendant, for a further defense, alleged that the check of the plaintiff, or what purported to be her check, for the sum of $1,200 in favor of the National Bank of Fayetteville as payee, which was presented to and paid by the defendant on or about 23 December, 1904, was duly endorsed and forwarded for collection by the said National Bank of Fayetteville; that the said National Bank of Fayetteville was at that time, and still is, a solvent bank, and that the defendant relied on their endorsement as a guarantee of the genuineness of the signature of the plaintiff, the defendant not having the plaintiff's signature on file, and paid the check without question; and that if there is any liability on the part of any one to the

plaintiff, the liability exists against the said National Bank of Fayetteville, which is a necessary party to this action.

For a further defense the defendant alleges that in paying the check, or what purports to be the check, of Amanda Yarborough for the sum of $1,200 to the payee, the National Bank of Fayetteville, as alleged, it relied not only upon the endorsement of said bank as a guarantee, but also upon the established usage among banks which requires that a check made payable to a bank shall be placed to the credit of the drawer, or his order, alone; that as the defendant is informed and believes, the said National Bank of Fayetteville, contrary to all usage, precedent, and law, placed the said fund to the credit of the said J. R. Yarborough, the plaintiff's husband, and paid out the said fund upon his checks, rendering the said National Bank of Fayetteville liable to it for said sum, or liable to the plaintiff, should she be entitled to recover.

Plaintiff, in her reply to the new matter contained in the answer, denied that she had signed the check of 23 December, 1904, or that she had received the statement of January, 1905, or that she knew of or had acquiesced in or ratified the transfer of the amount of her deposit in defendant bank to the credit of her husband in the National Bank of Fayetteville. The following issues were submitted to the jury:

"1. Did plaintiff, Mrs. Yarborough, deposit $1,200 with the defendant, as alleged? Ans.: Yes.

"2. Did the defendant pay to the National Bank of Fayetteville $1,200 upon a check signed by the plaintiff, as alleged in the answer? Ans.: No.

"3. Did the plaintiff know that the $1,200 had been transferred to the National Bank of Fayetteville, and that it was deposited there to the husband's credit, and did she ratify such transfer? Ans.: No."

There was a judgment upon the verdict, and defendant appealed.

*Q. K. Nimocks* and *Sinclair & Dye* for the plaintiff.
*H. L. Cook* for the defendant.

CONNOR, J., after stating the case: There are a large number of exceptions to his Honor's ruling in the record. In defendant's brief several are abandoned or not relied upon. The first exception discussed in the brief is number eleven in the record. Mr. Cunningham, the cashier of defendant, being examined, testified that he paid on 23 December, 1904, a check for $1,200, signed by Amanda Yarborough, payable to the National Bank of Fayetteville. He was asked how the signature to the check compared with the signature of plaintiff to a deed admitted to be genuine. Neither check nor deed was produced, and witness had not qualified as an expert. Plaintiff's objection was sustained, and defendant excepted. Later in the examination of this witness, he qualified himself as an expert, when he was permitted to express his opinion that the signature to the check was the same as that to the complaint, saying: "It is the same handwriting." Whatever force there was in the defendant's exception to the rejection of the testimony is clearly dissipated by the admission of the same evidence after the witness had qualified as an expert. We cannot concur with the ingenious argument of defendant's counsel that the opinion of a witness before qualifying as an expert is of more value, or that a jury would so regard it, than after qualifying as such. There may be a prejudice in the minds of jurors against the testimony of experts in handwriting, but the Court could hardly take note of it, as a matter of law. As neither the check nor the deed were in the hands of the witness at the time the question was asked, so that if he had expressed an opinion, he could have been cross-examined, it is exceedingly doubtful whether his Honor's ruling was not correct. However that may be, the defendant had the full benefit of the opinion of the witness. The exception cannot be sustained.

The next exception discussed in the brief is pointed to his Honor's ruling in regard to the admission of certain portions of the answer. The record shows that the sections of the answer involved in the exception were introduced by defendant. It is insisted in this Court that the plaintiff introduced them. Counsel agree that we may so consider the record. His Honor admitted sections four and five of the answer, "except as to parts containing legal conclusion and hearsay."

Defendant contends that by excluding these portions of the answer the jury were misled, or, as stated in the brief, "The portions admitted by the Court were doubtless construed by the jury to be an admission on the part of the defendant of its liability to the plaintiff, whereas if the entire paragraph had been admitted it would have appeared otherwise." An examination of the language of the two sections shows that they do not allege any facts which could, to any material extent, affect the real question involved in the issues. The only questions to be passed upon by the jury were whether the plaintiff signed the check and, if not, whether she had ratified the payment of her money to her husband. The sections of the answer made no admission in respect to either of these issues. The purpose of the pleader was to set up an independent defense by suggesting that, conceding the plaintiff's contention, which was in other parts of the answer denied, her remedy was against the Fayetteville bank. This was not insisted upon, for the manifest reason that it was not available. If defendant paid out plaintiff's money on a forged check, it could not cast upon her the duty of seeking to recover it from the corporation which received it. It is well settled that a bank is presumed to know the signature of its customers, and if it pays a forged check, it cannot, in the absence of negligence on the part of the depositor, whose check it purports to be, charge the amount to his account. 5 Cyc., 544. We cannot perceive how the admission of a part of the paragraphs and the rejection of the remainder,

which contained only conclusions drawn by defendant, could possibly mislead the jury upon the real issues. The defendant's contention in regard to the admission of fragmentary portions of a pleading is correct, but, as we have seen, does not apply to this case.

The other exceptions are pointed to his Honor's charge. In response to the prayer that if the jury should find that defendant paid the individual check of the plaintiff duly presented to it in the ordinary course of business, it should answer the first issue "Yes," his Honor instructed the jury that if the defendant had shown by the greater weight of the evidence that plaintiff signed the check, they should answer the issue "Yes." We think this was a substantial compliance with the prayer and the correct statement of the law. The defendant having admitted the deposit, the burden was upon it to show payment.

In response to the prayer that, "If the jury shall find from the evidence that the plaintiff during the month of January, February or March, 1905, had knowledge that her money, to-wit, $1,200, had been transferred to the National Bank of Fayetteville, and stood upon its books to the credit of J. R. Yarborough, her husband, and she took no steps to have the same transferred to her name or for her use, but acquiesced in said money remaining in her husband's name, that she thereby released the defendant from all liability to her," his Honor charged the jury: "If she dealt with the fund, that is, the $1,200, after it was deposited here in her husband's name, knowing it was in her husband's name, or if with a knowledge that the fund was deposited in the name of her husband she allowed it to remain there in his name for any length of time, and took no steps to have the same placed to her individual credit, these are matters which the jury may consider in determining whether she ratified the deposit in her husband's name or not, and after considering these, and all evidence bearing on this question, if the jury are sat-

isfied by the greater weight of the evidence that she recognized and adopted the deposit in her husband's name, they will answer the third issue, 'Yes,' and if not so satisfied, they will answer it 'No.' "

We think this a correct response to the prayer. We have examined the other exceptions and find that his Honor substantially and, we think, correctly instructed the jury in response to the phases of the case presented by them. There was evidence to the effect that the plaintiff's husband drew the money and had it put to his individual credit in the Bank of Fayetteville. Plaintiff testified that she had no knowledge or information in regard to his conduct until February, 1905, when he notified her that he had done so and had abandoned her. She denies positively that she signed the check or had any knowledge thereof prior to that time. In regard to the alleged ratification, the testimony was conflicting. We think that his Honor correctly left the decision of the question to the jury. Upon an examination of the entire record, we find

No Error.