By the Court.
 

 The rules and regulations of the bant, printed in the passboot in this case, were a part of the contract entered into between the bant and the depositor, and were equally binding upon all subsequent owners and holders of such passboot. These rules and regulations were promulgated for the protection of the bant and for the protection of the depositor as well. They were not unreasonable, nor are they inimical to public policy. They do not prevent the depositor from withdrawing his full credit balance at .any time and mating any disposition thereof which he elects to mate. They do prevent him from substituting another party to the contract without procuring the consent of the bant so to do. The bant was unde^.no legal obligation to
 
 *346
 
 accept unconditionally
 
 the
 
 deposit when tendered, and was acting clearly within its rights in affixing the conditions printed in the passbook, and the depositor, by accepting the passbook, fully and completely assented to those conditions. An assignee or transferee of the passbook cannot avail himself of the part of the contract which suits his purposes and escape the effect of the balance of the contract by simply disregarding it.
 

 Jacob Greenstein, as administrator of Rebecca Greenstein’s estate, after including in his inventory filed in the probate court the credit balance of the savings account as an asset of the estate for which he was administrator, and which estate was then in process of administration in that court, was without power to effect an assignment and transfer of such deposit to another party by delivering the bank passbook to such other party, accompanied'by an assignment in writing such as was given in this case. Jacob Greenstein’s interest in the fund was only that of one of seven next of kin. Surely he had no power to convey that which he did not own. Furthermore, this fund being then within the jurisdiction and control of the probate court, the administrator was obligated to follow the orders of that court in making any disposition of the fund. In fact, the administrator himself had no right to withdraw the fund from the bank and convert it to his own use without authority so to do conferred by the court; and if this be true, then manifestly he could not confer any such right or power upon any other person, no matter what method or means he employed to accomplish that result.
 

 The credit balance in this savings account, evi
 
 *347
 
 denced by tbe bank passbook containing tbe conditions therein printed, and in process of administration, as stated, falls very far short of being the equivalent of negotiable commercial paper acquired in due course, for value, before maturity.
 

 Bessie Greenstein must be charged, by the receipt of the bank passbook, with full knowledge of the rules, regulations, and conditions printed therein, and with full knowledge of the fact that Jacob Greenstein could not make a valid assignment and transfer to her of such credit balance and the bank passbook without the consent of the Union Trust Company.
 

 Upon the facts manifest in the record, which are not in dispute, the trial and appellate courts should have entered judgment in favor of the plaintiff in error here for the full credit balance in the savings account, and ordered the Union Trust Company to pay the same to the plaintiff in error, C. H. Royon, as administrator
 
 de bonis non
 
 of the estate of Rebecca Greenstein.
 

 Judgment reversed and final judgment for plaintiff in error.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.