JOHN N. BARMBY, trustee, *vs.* MERRIMACK COOPERATIVE
BANK.

Middlesex.   November 16, 1933. — December 28, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Bank and Banking. Practice, Civil,* Requests, rulings and instructions.

A coöperative bank was not entitled to charge against the account of a
shareholder the amount of a check which it had drawn on another
bank payable to his order and had charged against his account, where
it appeared that the check was drawn by the bank without the share-
holder's authority and that the name of the shareholder was forged
thereon, and it did not appear that negligence of the shareholder con-
tributed to the fraud practised on the bank.

At the trial of an action by the shareholder against the coöperative bank
to recover the amount of the check issued and paid in the circumstances
above described, there was evidence that monthly payments to the
defendant bank for the shareholder's account had been made by his
wife, but with money furnished by him; that the bank book remained
in her possession; that she had no authority to withdraw funds; that,
although the check was drawn and paid in August, the plaintiff did
not learn of it until the next June; and that he did not know that
during that interval payments on the shares were not being made
to the defendant bank. The defendant's check, bearing the forged
indorsement, was deposited in a trust company to the account of the
plaintiff's son. Upon the bank commissioner's taking possession of
the trust company, the plaintiff wrote the liquidating agent that a
dividend in connection with that account should be paid to the plain-
tiff. The action was begun in October. There was a finding for the
plaintiff. *Held,* that

   (1) There was no evidence to warrant a finding that the plaintiff was
negligent in his failure to discover the fraud at an earlier time;
   (2) There was no evidence that the bank was prejudiced by the delay
in the plaintiff's learning of the fraud;
   (3) There was no evidence that the withdrawal of the money from
the defendant bank ever was ratified by the plaintiff;
   (4) The finding for the plaintiff was warranted.

CONTRACT.   Writ dated October 28, 1932.

In the Superior Court, the action was heard by *Fosdick,*
J., without a jury. The judge made, among others, the
following findings: "10. That the signature which appears

as an indorsement of the check of the defendant bank, representing the disbursement of the funds in the name of the depositor in the defendant bank, is not that of the plaintiff, but a forgery. 11. That no demand or request written or oral was ever made by the plaintiff upon the defendant at the time when the funds in the defendant bank to the credit of the plaintiff, were paid out." Material evidence is stated in the opinion. There was a finding for the plaintiff in the sum of $296.06. The defendant alleged exceptions.

*M. A. Sullivan*, for the defendant.

No argument nor brief for the plaintiff.

CROSBY, J. This action was brought to recover $290.61 alleged to have been received by the defendant to the plaintiff's use. The case was heard by a judge of the Superior Court. The plaintiff testified that he is the father of John G. Barmby; that at some time in 1924 or 1925 he opened an account in the defendant bank in his own name, in trust for his son; that about the middle of June, 1932, he learned that the account had been withdrawn by some one else. It was admitted by the defendant that the plaintiff had made demand on it for the payment of the money after it had been withdrawn. On cross-examination the plaintiff testified that his wife died in April, 1932; that he had not lived with her for more than three years prior to her death; that he used to go to see her two or three times a month, and supported her by weekly payments of money; that the account in the defendant bank was opened by him or by his wife in January, 1925; that his wife made nearly all the payments to the bank, but he gave her the money to do so; that the bank book was in their home during all this time, and his wife had access to it at all times, and took it to the bank with the payments; that she had authority from him to make the payments, but not to make withdrawals. He was shown a check of the defendant dated August 4, 1931, for $290.61, drawn on the Arlington Trust Company of Lawrence, payable to John N. Barmby, trustee, with the indorsement "John N. Barmby" and a stamp showing it was deposited in the Lawrence Trust Company of Lawrence on August 13,

1931.  He testified that the indorsement was not in his handwriting, but he thought it was the handwriting of his wife; that he learned of the withdrawal of the account about June, 1932, and from August 4, 1931, to June, 1932, he had no knowledge that the monthly payments to the defendant were not being made, but assumed they were made by his wife; that he left it to her to do so, and during that time she had the bank book; that he did not indorse the check of the defendant dated August 4, 1931, or deposit it in the Lawrence Trust Company to the credit of his son.  He further testified that he now knows that the money represented by the check was deposited on August 12, 1931, in the savings department of the Lawrence Trust Company in the account of his son, John G. Barmby.  This account had originally been opened on December 2, 1926, and the plaintiff had knowledge of it and it had been maintained with his knowledge and consent. He further testified that he authorized his attorney to write the liquidator of the Lawrence Trust Company that the dividend in connection with the account of John G. Barmby in that company was payable to his father, John N. Barmby; that this letter was written about the time he discovered that the money in the defendant bank had been withdrawn.  A witness called by the defendant testified that in his opinion the indorsement "John N. Barmby" on the check was written by the plaintiff.  A witness called by the plaintiff and qualified as an expert testified that in his opinion the indorsement on the check was not in the handwriting of the plaintiff.

At the close of the evidence the trial judge ruled in accordance with eight requests made by the plaintiff, and found in his favor for the amount of the deposit with interest. The defendant excepted to the rulings so made.

The third request was that on the evidence the plaintiff is entitled to recover.  If it be assumed that the giving of this request was erroneous for the reason that a question of fact was presented as to whether upon the conflicting evidence the plaintiff signed his name on the back of the check, the defendant was not harmed by the ruling as the finding for the plaintiff shows that the judge did not believe the testi-

mony offered by the defendant to the effect that the name of the plaintiff on the back of the check was written by him. The other requests for rulings given need not be considered in detail. It is plain that the granting of these requests fails to show any error of law.

The evidence warranted a finding that the deposit in the defendant bank was the property of the plaintiff, that it was withdrawn by some person without his knowledge or consent, and that he is entitled to recover from the defendant the amount so unlawfully withdrawn with interest. If his wife withdrew the deposit there is no evidence to warrant a finding that she was authorized to do so. It is well settled that a bank on which a check is drawn must ascertain at its peril the identity of the signature of its depositors, and that payment of a forged check cannot be charged against a depositor if he is free from any negligence which contributed to the fraud practised upon the bank. *Murphy* v. *Metropolitan National Bank,* 191 Mass. 159, 163. *Jordan Marsh Co.* v. *National Shawmut Bank,* 201 Mass. 397, 405. *Grow* v. *Prudential Trust Co.* 249 Mass. 325, 326. There was no evidence to warrant a finding that the plaintiff was negligent in his failure to discover the forgery at an earlier time. The evidence shows that he did not learn of the forgery until June, 1932, although it was committed on August 4 of the preceding year. It does not appear that the defendant was prejudiced by the delay. *Childs, Jeffries & Co. Inc.* v. *Bright,* 283 Mass. 283, 295. The evidence would not warrant a finding that withdrawal of the deposit was ever ratified by the plaintiff. The circumstance that practically all the payments to the defendant were made by the plaintiff's wife did not result in their being her money, as the undisputed evidence shows that the plaintiff furnished her with the funds for that purpose.

As no error appears in the conduct of the trial the entry must be

*Exceptions overruled.*