HERBERT T. FUGE *vs.* QUINCY CO-OPERATIVE BANK.

Norfolk.   February 8, 9, 1938. — May 25, 1938.

Present: RUGG, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Agency,* What constitutes.   *Payment.   Bills and Notes,* Check.

The mere facts that a husband permitted his wife to have custody of his coöperative bank share book for the purpose of making monthly payments on the shares did not as a matter of law give her even apparent authority to ask for and receive payment of the withdrawal value of the shares.

A debt was not paid by the debtor's giving the creditor's wife a check payable to him and her depositing it in a bank account standing in their joint names, the whole of which she afterwards withdrew, all without his authority or knowledge.

CONTRACT OR TORT.   Writ in the District Court of East Norfolk dated December 18, 1931.

On removal to the Superior Court, a verdict for the plaintiff in the sum of $960.35 was returned before *Weed*, J. After the death of *Weed*, J., the case was reported by *Hanify*, J.

*G. W. Abele*, (*S. T. Abele* with him,) for the defendant.

*D. J. Tolman*, for the plaintiff.

LUMMUS, J.   In 1919 the plaintiff bought from the defendant five of its shares, May Series No. 66 of 1919, at $200 a share, paying $40 a share down. The balance was to be paid in monthly instalments of $1 a share. He married in 1925. The book representing the shares was kept in a desk in his house, where his wife had access to it. She made some of the payments with his money. The last payment made by him personally was in 1927. He looked for the book in 1930, but could not find it. In September, 1930, about the time when his wife left him, he went to the defendant, and discovered what had happened. It was as follows.

In June, 1928, payments became six months in arrears, and the shares were forfeited under the statute in September, 1928. Thereupon the plaintiff became entitled to the withdrawal value of the shares. G. L. (Ter. Ed.) c. 170, § 17. Thereafter the plaintiff's wife went to the defendant with a notice of forfeiture and the book, and asked for and received the withdrawal value, which was $702.10. She received that sum by the check of the defendant on the Quincy Trust Company, payable to the order of the plaintiff. She deposited the check without her husband's knowledge in a joint account in the Quincy Trust Company in the names of the plaintiff and his wife jointly, which they had opened in 1927. Evidently his name was forged in indorsing it for deposit. The wife withdrew all the funds in that joint account on December 11, 1928, without the knowledge of the plaintiff.

The jury returned a verdict for the plaintiff for $702.10 with interest. The report raises the question whether the evidence, already recited, warranted the verdict.

As the defendant concedes, it has the burden of proving payment to the plaintiff of what it owed him. The question is whether the facts stated show payment as matter of law. Permitting the wife to make monthly payments and to have the custody of the book for that purpose did not give her even apparent authority to ask for or receive payment of the withdrawal value. *Heath* v. *New Bedford Safe Deposit & Trust Co.* 184 Mass. 481. *Barmby* v. *Merrimack Cooperative Bank*, 285 Mass. 37. *Belcher* v. *Manchester Building & Loan Association*, 45 Vroom, 833. *Ryle* v. *Manchester Building & Loan Association*, 45 Vroom, 840. The check not being payment to the plaintiff when given, it did not become payment by being deposited without the consent or even knowledge of the plaintiff in an account where, it is true, the plaintiff could have seized it had he known of it in time, but where his wife had an equal right by the terms of the deposit (*Johnson* v. *Nourse*, 258 Mass. 417), and a better opportunity, to seize it for herself, as in fact she did. *Sullivan* v. *Sheehan*, 173 Mass. 361, 364, 365. *Newell* v. *Hadley*, 206 Mass. 335, 339. *Societe de Bienfaisance St. Jean Baptiste de Millbury* v. *Worcester County Institution for Savings*, 228 Mass. 556, 562. *Fay* v. *Slaughter*, 194 Ill. 157, 165 *et seq.*

*Judgment on the verdict.*