Tomasbllo, J.
In an action of tort or contract based upon three counts, the first alleging a conversion of certain checks in the sum of $1774.43, and the latter two alleging that the defendant owed it said sum for money had and received, the evidence disclosed that between the dates of June 23, 1936 and October 27, 1936 the defendant bank received these checks, forty-one in number, for deposit in and credit to the account of one Flynn.
The defendant thereafter, and in the regular course of its business, presented the checks for payment to the banks upon which they were respectively drawn, and collected the proceeds thereof, and placed the amounts of said proceeds to the account of said Flynn, and thereafter paid the said moneys, so credited, to said Flynn and to *54 Ms drawees upon Ms orders. The checks in question were given by customers of the plaintiff company, a New York corporation, to said Flynn who was its general manager -stationed at Boston, with authority to solicit and handle freight shipments, to manage its local office in Boston, make collections for and in behalf of the plaintiff, and with the further authority to pay bills, to- Mre, discharge and pay the plaintiff’s employees in Boston. The said Flynn without the express authority and actual knowledge of the plaintiff, and prior to depositing them in the defendant’s bank for collection, endorsed the several checks which were payable to the order of T. L. Crowe Company with the signature “T. L. Crowe Company, John J. Flynn”. The account was opened by Flynn on June 23, 1936 under the name of “John J. Flynn”.
There was further evidence that the total amount of the deposits made by said Flynn in the defendant bank, including the forty-one checks was $8704.84. This amount was paid out by the defendant bank upon checks- o-r orders signed by said Flynn, and upon which account twenty checks, totalling $1126.55, were drawn between June 23, 1936 and October 27, 1936 payable to the plaintiff. These checks were forwarded to, received, endorsed and deposited by the plaintiff in its bank, the Manufacturers Trust Company of New York, and, through the Federal Reserve Bank, were paid by the -defendant bank in the usual course of business.
The plaintiff corporation had no banking -or checking account in Massachusetts and knew through its -Secretary and Treasurer that said Flynn had the said account with the defendant bank, and did not object to it. The plaintiff corporation and its officers knew that said Flynn was obliged to get money from its customers in order to- pay *55 its bills in Boston, and that the said Flynn had not other funds from which to pay the wages and bills of the corporation. The further evidence disclosed that the said Flynn went to New York City every week and rendered an account to the plaintiff corporation and that the clerk in the Boston office kept books and records which books and records were audited by a representative from the New York office.
Among the many requests for rulings filed by the defendant is the following*, which this Court deems, by virtue of its applicability of importance to consider: “No. 26. The plaintiff corporation by receiving and endorsing the checks sent to it by John J. Flynn and which were payable to it, sanctioned the action of said John J. Flynn, ratified the said acts and established an authority on the part of said John J. Flynn to continue in doing the same.”
To this request the trial judge ruled and found as follows:
“Denied. Immaterial. See No. 10. I find defendant was negligent that it did not exercise proper care. That careful investigation would have disclosed endorsements were forgeries. That Flynn did not have authority to endorse checks payable to plaintiff. That the evidence did not warrant the defendant in concluding that Flynn had authority to endorse checks payable to plaintiff”.
Defendant’s request for ruling No. 10, referred to, was as follows: “No. 10: The defendant bank was obliged to honor checks drawn against the account in the name of John J. Flynn as long as it had funds available and sufficient to pay the checks”.
The ruling of the trial judge thereon was: “No. 10. Denied. Immaterial — plaintiff’s claim is on checks by drawers other than John J. Flynn”.
*56 A drawee bank must ordinarily ascertain at its peril the identity of the depositor’s signature, and payment of a forged check cannot be charged to the depositor, if he is free from negligence which contributed to the fraud. National Bank of North America of Boston v. Bangs, 106 Mass. 441, McIntosh v. Eliot National Bank, 123 Mass. 393, Murphy v. Metropolitan National Bank, 191 Mass. 159, Jordan Marsh Co. v. National Shawmut Bank, 201 Mass. 397, Barmby v. Merrimack Co-op. Bank, 285 Mass. 37.
Although a bank in cases of presentment for payment by an agent must be assured of the agency to hold another as principal and letters of instruction to the agent may be insufficient to show power to draw drafts on the principal, nevertheless a principal is held to be liable upon a draft duly made by his agent when the acts and resultant contract although unauthorized have been ratified. Bank of Morgantown v. Hay, 143 N. C. 326; 55 S. E. 811, Yarborough v. Banking Loan & Trust Co., 142 N. C. 377; 55 S. E. 296, see: Dana v. National Bank of the Republic, 132 Mass. 156, Story on Agency, page 298, sec. 239.
Further, one adopting and ratifying a forged signature is bound by it and becomes liable thereon, although no words of agency appear upon the forged instrument. Greenfield Bank v. Crafts, 4 Allen 447.
It was material as to whether the acts of said Flynn with relation to the checks in question had been ratified. DiLorenso v. Atlantic National Bank, 278 Mass. 321.
-It was error for the trial judge to rule in relation to request for ruling No. 26 that the matter of ratification was “immaterial”, there being no reason given in the ruling made for this conclusion. Hetherington v. Firth, 210 Mass. 8, 18, Rule 28, Municipal Court of the City of Boston.
New Trial Ordered.