Ruth Polonsky *vs.* Union Federal Savings and Loan Association.

Suffolk. October 4, 5, 1956. — November 15, 1956.

Present: Wilkins, C.J., Ronan, Spalding, Williams, & Cutter, JJ.

*Contract,* With bank, Limiting liability. *Bank and Banking.*

A provision printed on the inside cover of a bank book issued by a savings and loan association and accepted and retained by a depositor, that the association "shall not be held responsible for money paid out to any person unlawfully presenting this book," was part of the contract between the depositor and the association although not expressly assented to by the depositor nor brought to his attention; and the provision protected the association from responsibility to the depositor for paying, without negligence or bad faith, the amount of the deposit to an impostor who presented the book and a withdrawal slip on which the depositor's name had been forged.

Contract or tort. Writ in the Municipal Court of the City of Boston dated April 12, 1954.

The action was heard by *Lewiton,* J.

*Robert D. O'Leary,* (*Nicholas E. Reppucci* with him,) for the plaintiff.

*David H. Fulton,* (*Robert Fulton* with him,) for the defendant.

Spalding, J. Early in July, 1953, the plaintiff's husband went to the office of the defendant to open a joint account in the name of himself and the plaintiff. The account was opened by the teller who made appropriate entries on the records of the defendant whereby there was transferred into this new account a sum previously on deposit in the name of the plaintiff's husband as survivor of an earlier joint account with his father. At that time the plaintiff's husband signed a temporary signature card. Thereafter the teller handed to the plaintiff's husband a bank book enclosed in the usual type of bank book envelope and a permanent form of signature card which he was to take home for

signature by his wife and himself. Several days later this card, the form of which was the same as the temporary card, was returned to the defendant duly signed by the plaintiff and her husband.[1] There was printed on the inside of the bank book cover the following: "This association shall not be held responsible for money paid out to any person unlawfully presenting this book." "There was no evidence . . . that any of the printed matter contained in the bank book ever came to the attention, or was brought to the attention, of the plaintiff or her husband." There was nothing on the signature card which dealt with the effect of payment by the defendant to one improperly presenting the book. The membership certificate, which is printed in the bank book, recites that the members of the defendant hold their savings shares accounts "subject to its charter and by-laws and to the laws of the United States of America." It was agreed by the parties that there is nothing in the charter or by-laws of the defendant or in the laws of the United States which would absolve the defendant from liability to a depositor if it makes payment to one who, without authority, presents the bank book.

On November 9, 1953, the funds ($1,182.44) standing in

---

[1] "Name          Polonsky, Ruth or Morris                No. 12341

The undersigned hereby apply for a Membership and a Savings Account in the

UNION FEDERAL SAVINGS AND LOAN ASSOCIATION

and for the issuance of a membership certificate in the approved form in the joint names of the undersigned as joint tenants with the right of survivorship and not as tenants in common. Specimens of the signatures of the undersigned are shown below and the association is hereby authorized to act without further inquiry in accordance with writings bearing any such signature: it being understood and agreed that any one of the undersigned who shall first act shall have power to act in all matters related to the membership and the above numbered account, whether the other person or persons named in the membership certificate be living or not. The repurchase or redemption value of the above numbered account or other rights relating thereto may be paid or delivered in whole or in part to any one of the undersigned, who shall first act, and such payment or delivery or a receipt or acquittance signed by any one of the undersigned shall be a valid and sufficient release and discharge of said association.

Signature          Ruth Polonsky
Address            6 Courtland Rd                    Mattapan Mass
Signature          Morris Polonsky
Address            6 Courtland Road,                 Mattapan
Dated              July 14, 1953"

the joint account of the plaintiff and her husband were paid by the defendant to an impostor. At the time of payment the impostor presented the book to the defendant together with a withdrawal slip on which the name of the plaintiff had been forged. Neither the plaintiff nor her husband had authorized any other person to withdraw the funds or was aware that the bank book had been taken from the dresser drawer in their home where it had been left by the plaintiff's husband.

The plaintiff brought this action of contract or tort to recover the sum erroneously paid by the defendant. The declaration contained a count in contract and a count in tort. The judge, after finding the foregoing facts, found for the plaintiff on the count in contract.[1] He ruled that the rights of the parties were governed by the terms of the contract when the account was opened; that the language on the inside cover of the bank book which purports to absolve the defendant from responsibility for money paid out to an unauthorized person presenting the book was not part of the contract; and that since this language never came to the attention of the plaintiff she was not bound by it. This ruling was challenged by the defendant, and, on report, the Appellate Division held it to be error and ordered judgment for the defendant. The plaintiff appealed.

The question for decision is whether the above mentioned exculpatory provision protects the defendant, for apart from that provision the plaintiff is entitled to prevail. *Societe de Bienfaisance St. Jean Baptiste de Millbury* v. *Worcester County Institution for Savings,* 228 Mass. 556, 560. *Barmby* v. *Merrimack Cooperative Bank,* 285 Mass. 37, 40. *Fuge* v. *Quincy Co-operative Bank,* 300 Mass. 296.

It has often been decided by this court that the rules or by-laws of a bank are binding on one who assents in writing to be bound by them. *Jochumsen* v. *Suffolk Savings Bank,* 3 Allen, 87. *Wall* v. *Provident Institution for Savings,* 3 Allen, 96. *Levy* v. *Franklin Savings Bank,* 117 Mass. 448,

---

[1] It is agreed that the evidence warranted the findings made by the judge.

450. *Donlan* v. *Provident Institution for Savings*, 127 Mass. 183. *Wasilauskas* v. *Brookline Savings Bank*, 259 Mass. 215, 218. *Tapper* v. *Boston Penny Savings Bank*, 294 Mass. 335, 339. But that is not the situation here, because neither the plaintiff nor her husband expressly assented to be bound by the provision printed in the book; nor was the provision ever brought to the attention of either. Hence, as the plaintiff argues, these cases are not controlling. The case at bar, therefore, presents the question whether a depositor who does not expressly assent to an exculpatory provision contained in a bank book and not brought to his attention is, nevertheless, bound by it in accepting and retaining the book. The plaintiff contends that she should not be bound by the provision in these circumstances and support for her contention may be found in *Los Angeles Investment Co.* v. *Home Savings Bank*, 180 Cal. 601, 613–614, *Highfield* v. *First National Bank*, 45 Ga. App. 431, and *Ackenhausen* v. *People's Savings Bank*, 110 Mich. 175, 182.

But according to the weight of authority a depositor by accepting and retaining a pass book wherein such a provision is printed is deemed to have assented to it, and the provision becomes a part of the contract between the bank and the depositor. *Dinini* v. *Mechanics Savings Bank,* 85 Conn. 225, 228. *Ladd* v. *Augusta Savings Bank*, 96 Maine, 510, 513. *Heath* v. *Portsmouth Savings Bank*, 46 N. H. 78. *Cosgrove* v. *Provident Institution for Savings*, 35 Vroom, 653, 654. *Wharton* v. *Poughkeepsie Savings Bank*, 262 App. Div. (N. Y.) 598, 601. *Royon* v. *Greenstein*, 122 Ohio St. 340, 345, 347. *Bulakowski* v. *Philadelphia Saving Fund Society*, 270 Pa. 538, 541–542. *Davis* v. *Chittenden County Trust Co.* 115 Vt. 349, 352–353.

No decision of this court has been brought to our attention, and we have found none, which deals with the precise question here presented. In all of our decisions, so far as we can discover, which have held a depositor bound by a rule or by-law printed in a pass book it appears that he signed an instrument by which he expressly agreed to be bound by the by-laws or rules of the bank.

Where what is given to a person purports on its face to set forth the terms of a contract, the person, whether he reads it or not, by accepting it assents to its terms, and is bound by any limitation of liability therein contained, in the absence of fraud. *Kergald* v. *Armstrong Transfer Express Co.* 330 Mass. 254, 255, and cases collected. On the other hand, where what is received does not purport to be a contract, such as, for example, a baggage check, a check issued at a parking lot, or a ticket to an amusement device, it has been held that the person receiving it is not bound by a limitation of liability unless it is actually known to the recipient. *Kergald* v. *Armstrong Transfer Express Co., supra,* at pages 255–256. While it is arguable that a bank book bears considerable resemblance to this type of document, we are of opinion, in accordance with the prevailing view, that it constitutes part of the contract entered into between the depositor and the bank and that the depositor is bound by lawful provisions therein contained whether or not he reads them and whether or not they are brought to his attention. That bank books frequently contain provisions defining the rights between the bank and its depositors is a matter of common knowledge, and it is not unreasonable, we think, to treat such provisions as part of the contract by which the parties are bound.

The exculpatory provision protected the defendant if, using reasonable care and in good faith, it paid the money on presentation of the book to an impostor. *Wasilauskas* v. *Brookline Savings Bank,* 259 Mass. 215, 218. There was no evidence that the defendant was negligent or that it acted in bad faith. It follows that the ruling of the trial judge was error.

*Order of the Appellate Division affirmed.*