## SHEPHERD v. HOUSING AUTHORITY OF JACKSONVILLE.
### No. 60-1447-L.

Circuit Court, Duval County.
July 26, 1961.

Will O. Murrell, Jacksonville, for plaintiff.

Howell, Kirby, Montgomery & Sands, Jacksonville, for defendant.

JOHN M. McNATT, Circuit Judge.

The complaint alleges that defendant, Housing Authority of Jacksonville, was possessed of and had under its supervision and control property known as the Brentwood Housing Project, that it was engaged in the business of renting "multiple dwelling accommodations", and that plaintiff (with his wife and children) had rented one of the units. The complaint charges that there were hundreds of children of tender years living in the housing project, and that on April 12, 1960, plaintiff's two-year old child, while at play on the premises, came upon some "poisonous phosphorous paste", was burned, rendered sick and died from coming in contact with the paste.

The plaintiff sues for the alleged wrongful death of the child on the theory that it was the duty of the defendant to use reas-

onable care "to keep and protect the outside of the . . . [premises] in a reasonably safe and wholesome condition where children of immature and tender years played in and about said project", and that defendant "carelessly and negligently failed to exercise reasonable care and diligence . . . and suffered, allowed and permitted poisonous phosphorous paste to be in, around and upon the outside of said premises where it was accessible to children of immature years, thereby rendering said premises unsafe and unwholesome".

Depositions have been taken and defendant has moved for a summary judgment, asserting that there is no genuine issue as to material fact, and that it affirmatively appears that no breach of legal duty occurred. In opposition to the motion, plaintiff contends that defendant was negligent in failing (by rule, regulation or otherwise) to take any action to make the premises reasonably safe for small children and to prevent such an occurrence. In this connection, the plaintiff points to the provisions of the Housing Authorities Law, chapter 421, Florida Statutes, contending, in effect, that the law was designed to replace "insanitary or unsafe dwelling accommodations" with suitable housing for persons of low income, that the housing authority was given power to make rules and regulations not inconsistent with the law, and that it was negligent in failing to adopt a rule or regulation prohibiting the placing of poisonous substances on the premises. Neither party has cited any authority on an analogous situation.

From the evidence it appears that the plaintiff and his family lived in a unit next door to a unit occupied by the Morgan family, and that the two units had a common (concrete slab) porch. Being bothered with roaches, the Morgans had arranged with a private, licensed exterminator to rid the Morgan premises of the pests. Pursuant to such arrangements, the exterminator sprayed the interior of the Morgan unit in March, 1960. He returned on April 11, 1960, and again sprayed the interior. Being informed that some large roaches were "coming into his [Morgan's] apartment from outside", the exterminator put "phosphorous paste" in spots around the edge of the (concrete slab) porch.

The "phosphorous paste" was put out between one and two o'clock in the afternoon. Around 3:30, the deceased child went out to play, and stayed outside until about 5 o'clock. At approximately 7 o'clock the child was observed to be sick, was taken to the hospital and died early the next morning, presumably from phosphorous poisoning.

The leases between the Housing Authority of Jacksonville and its tenants provided that the tenant would "keep the premises in a clean and sanitary condition" and "maintain the yard in the front, rear, and side of his dwelling in a neat and orderly manner". The housing authority had no knowledge of the spraying or of the placing of the phosphorus paste, and had no rules or regulations prohibiting or otherwise dealing with the same.

"For every wrong there is a remedy, . . . but . . . the remedy [must] be sought against the negligent party." Heps v. Burdine's, Inc. (Fla.), 69 So. 2d 340. Ordinarily the owner of property is not liable for an injury occurring on his premises as a result of the negligence of a third party who does not stand in such relation to the owner as to render the doctrine of respondeat superior applicable. 23 Fla. Jur. 294; 38 Am. Jur. 763. In this case, the plaintiff seeks to fasten liability on the housing authority for the act of a third party on the theory (alleged in the complaint) that it negligently "suffered, allowed and permitted" poisonous paste to be upon the premises, or upon the theory (asserted in the argument) that it was negligent in failing (by rule, regulation or otherwise) to take action to prevent the act which caused the tragic occurrence. If the defendant was negligent in either respect, and if such negligence was a proximate cause of the death of the child, then plaintiff is entitled to obtain redress for the wrong from the defendant. Otherwise, plaintiff is limited to his remedy against the party or parties responsible for putting the poison in reach of his child.

There is no basis in the evidence for charging the defendant with actual or constructive knowledge that a poisonous substance had been or would be placed on the premises in a location accessible to small children. In the absence of such notice, it cannot be said that defendant was negligent in "suffering or in permitting" the poisonous paste to be so placed. The applicable rule as stated in 23 Fla. Jur. 263 follows — "Fundamentally, the duty of a person to exercise care, and his consequent liability for negligence, depends on the tendency of his acts under the circumstances as they are known or should be known to him. The foundation of liability for negligence is knowledge, actual or constructive, of the peril that subsequently results in injury. Thus, before a person is found to be negligent, it must appear that he had knowledge, or by the exercise of reasonable diligence would have had knowledge, that his act or omission was likely to result in injury to another. In other words, no man is an insurer of the safety of others, and if he fully performs his duty of care he is responsible only for those injuries that could have been reasonably foreseen by him to be a result of his act or omission."

Not only is the evidence insufficient to charge defendant with knowledge of the action of the third party (the exterminating firm), but likewise the evidence fails to show a causal connection between the asserted omissions of the defendant and the death of the child. The proposition that there must be a causal connection between negligence and injury is well settled and is stated in 23 Fla. Jur. 272 as follows — "Liability for negligence must, of course, be predicated on a causal connection between the negligence alleged as the wrong and the injury of which complaint is made. The mere existence of some causal relation or connection between negligence and an injury is not sufficient to render the negligent person liable. Rather, the common law refers the injury to the proximate, not to the remote cause, and establishes proximate cause as an essential element of liability for negligence."

Even assuming that the defendant should have passed a regulation prohibiting a tenant from putting out poison for roaches, its failure to do so may not be regarded as the proximate cause of the death of the child, because the death was not a direct result of the failure to regulate and was *at most* a possible, *as distinguished from a natural and probable*, result of the alleged negligence. Pope v. Pinkerton-Hays Lumber Co. (Fla. App. 1st Dist.), 120 So. 2d 227, and cases cited. Furthermore, to hold defendant liable on the facts would require the pyramiding of inferences, and such is not permissible. Commercial Credit Corporation v. Varn (Fla. App. 1st Dist.), 108 So. 2d 638.

And the court finding that there is no genuine issue as to material fact, it is ordered and adjudged that the plaintiff take nothing by this action and that the defendant go hence without day, and that the defendant, Housing Authority of Jacksonville, a corporation, do have and recover of and from the plaintiff, C. E. Shepherd, its costs in this behalf sustained, herein fixed and taxed at $_____, for which let execution issue.