## HORN v. SOUTHERN BELL TEL. & TEL. CO.
No. 62-L-187.

Circuit Court, Dade County.

April 2, 1962.

Stuart A. Markus, Miami, for plaintiff.

John H. Wahl, Jr., Miami, for defendant.

J. FRITZ GORDON, Circuit Judge.

This cause was heard upon the defendant's motion for summary judgment, and the court considered the same upon the basis of the pleadings and affidavits on file and the argument of counsel. The record discloses without dispute —

That plaintiff had a listing in the yellow pages appendix to defendant's Greater Miami telephone directory in the issue next or immediately preceding the directory in question and that plaintiff was furnished with a confirmation copy of the contract for such listing which contained a clause limiting the defendant's liability for errors or omissions identical to that upon which defendant here relies.

That with regard to plaintiff's requested listing in the yellow pages appendix to the September 1959 directory here involved the defendant furnished the plaintiff a confirmation copy of the contract which as in the former contract contained the following clause — "The telephone company's liability on account of errors in or omissions of such advertising shall in no event exceed the amount of charges for the advertising which was omitted or in which the error occurred in the then current directory issue," such copy or a reproduction thereof being attached to the complaint as an exhibit.

That the agreed charge for the advertising (listing) for the omission of which plaintiff here complains was $2 per month.

That the omission of such listing was due to inadvertence.

That when such inadvertent omission came to defendant's attention it immediately credited plaintiff for the $2 theretofore charged and canceled all further charges.

That plaintiff was correctly listed in the alphabetical or white pages directory for the period in question (which distinguishes this case from Augustine v. Southern Bell Tel. & Tel. Co., Fla. 1956, 91 So.2d 320, where the error occurred in the alphabetical or white pages directory).

Upon the foregoing material facts about which there is no genuine issue, the court finds and declares as matters of law —

(a) That the yellow pages appendix to defendant's directory is merely an advertising medium in the publication of which the defendant does not perform an essential public service subject to public regulation or which is within the ambit of chapter 363, Florida Statutes. State ex rel. Montemarano v. Southern Bell Tel. & Tel. Co. (Dade County Circuit Court, Case No. 23658, 1950) 87 PUR NS 87, 1951, and cases there cited. [19 Fla. Supp. 4].

(b) That the furnishing by defendant and the acceptance by plaintiff of the confirmation copy of the contract brings this case within the rule that where what is given to a person purports on its face to set forth the terms of a contract, the person, whether or not he signs it or reads it, by accepting it assents to its terms and is bound by any limitation of liability therein contained in the absence of fraud. 12 Am. Jur. 628, Contracts, §137; Polonsky v. Union Federal Savings & Loan Ass'n., (Mass. 1956), 138 N.E.2d 115; Kergald v. Armstrong Transfer Express Co. (Mass. 1953), 113 N.E.2d 53, and cases there collected.

It is therefore, considered, ordered and adjudged that there is no genuine issue as to any material fact, that defendant's motion for summary judgment be and it is hereby granted, that plaintiff's complaint (as amended), be and it is hereby dismissed, that the plaintiff take nothing by his writ and that the defendant go hence without day.