## BRITT v. SOUTHERN BELL TEL. & TEL. CO.

62-1802-L.

Circuit Court, Duval County.

February 6, 1963.

Carl G. Swanson and Evan T. Evans, both of Jacksonville, for plaintiff.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for defendant.

WILLIAM L. DURDEN, Circuit Judge.

This cause coming on to be heard on defendant's motion for summary judgment directed to the amended complaint, counsel for plaintiff advising the court that plaintiff had already amended the complaint once and did not desire to amend it again as it stated as best could be stated the basic facts on which were based plaintiff's cause of action, the court having considered such motion for summary judgment, the pleadings and deposition of plaintiff on file herein, and the court having heard full argument from counsel for plaintiff and defendant, the court finds —

1. Plaintiff alleges that since 1960 she has lived at 1720 Brackland Street, Jacksonville; that during said period, the telephone company in its telephone directory has wrongfully, unlawfully, wilfully, and maliciously listed Charles B. Wright at said address but with a telephone number which was not his or plaintiff's; that because thereof, persons seeking Charles B. Wright would come to 1720 Brackland Street and awaken her at unreasonable hours of the night and she was caused to suffer great physical pain and anguish, severe emotional distress, and was constantly plagued, harassed and annoyed.

2. On her deposition, plaintiff stated she was unable to name or identify any of these numerous persons who came to her home; that she did not know who Charles B. Wright was; that these persons asked for "Charlie" not otherwise identifying him or calling him by the name of "Wright". It was only a few weeks before suit was brought (although this had allegedly been going on for three years) that she first learned that a "Charles B. Wright" was listed in the telephone directory as having an address at 1720 Brackland Street. She did not testify that any of the persons gave the telephone directory as the basis for seeking "Charlie" at this address, as otherwise she would have known of his listing earlier. The telephone number assigned Charles B. Wright in the telephone directory was not the number assigned to plaintiff and plaintiff's number was usually an unlisted number. She did not attempt to give any basis in her testimony for the charges of malicious and unlawful acts. She said she had had trouble with her husband (both before and after her marriage) as he claimed these calls for "Charlie" were a code for improper activities.

3. The chief contention of the defendant telephone company is that its directory is a "telephone directory" for use in connection with telephone service and that the alleged damages here are not the proximate result of any actionable negligence on its part. As stated in the leading case of Schatz v. 7-Eleven, Inc. (Fla. DCA1, 1961), 128 So.2d 901, 903 —

"In the Pope case this court discussed the law of proximate cause and the several tests to be applied in determining whether a given act is the proximate cause of damages sustained. It was there pointed out that the two essential elements of proximate cause are *causation* and the limitation to *foreseeable consequence*. Causation is that act which, in the natural and continuous sequence, *unbroken by any intervening cause*, produces the injury, and without which the result would not have occurred. *Even though the person charged may be guilty of a negligent act, there can be no recovery for an injury resulting therefrom which was not a reasonable foreseeable consequence of his negligence.* For the consequence of a negligent act to be foreseeable, it must be such that a person by prudent human foresight can anticipate will likely result from the act, *because it happens so frequently* from the commission of such an act that in the field of human experience it may be expected to happen again.

"Applying the foregoing rules to the facts which were contained in the record before the trial court at the hearing *on motion for summary judgment,* the question of defendant's liability *was one of law to be decided by the court,* and presented no issue of fact eligible for jury consideration." (Italics added.)

And again at page 904 —

"We are not unmindful of the obvious fact that at times operators lose control over the forward progress and direction of their vehicles either through negligence or as a result of defective mechanisms, which sometimes results in damage or injury to others. *In a sense, all such occurrences are foreseeable. They are not, however, incidents to ordinary operation of vehicles, and do not happen in the ordinary and normal course of events. When they happen, the consequences resulting therefrom are matters of chance and speculation.*" (Italics added.)

Referred to in the Schatz case is the Pope case — Pope v. Pinkerton-Hayes Lumber Company (Fla.DCA-1, 1960) 120 So.2d 227, from which are quoted below the second and ninth headnotes —

"Even though a defendant has been negligent, *there can be no recovery for an injury that was not a reasonably foreseeable consequence of his negligence.*"

"Where road construction contractors' employee negligently severed telephone cable with bulldozer and sawmill owner's watchman was unable to communicate with fire department, and sawmill was damaged by fire, fire which began on premises where sawmill was located early the next morning after cable had been severed and spread to mill *was independent intervening cause, or direct cause, of the damages,* and the sev-

ering of telephone cable was only a *remote* cause thereof, and contractor was not liable for damages resulting from fire." (Italics added.)

To the same effect as the Pope and Schatz cases, and enforcing the rules of "reasonable foreseeability" and "independent intervening cause", are the following Florida cases — Lingefelt v. Hanner (Fla. DCA3, 1960), 125 So.2d 325; Rawls v. Ziegler (Fla. S.Ct. 1958), 107 So.2d 601; S.A.L. R. Co. v. Mullin (1915), 70 Fla. 450, 70 So. 467, L.R.A. 1916D 982; Cone v. Inter County Telephone Company (Fla. S. Ct. 1949), 40 So.2d 148; Shephard v. Housing Authority (Duval C.C. 1961), 18 Fla. Supp. 93; Smith's Bakery v. Hernigan (Fla. DCA1, 1961), 134 So.2d 519; Robinson v. Monahan (Fla. DCA3, 1962), 146 So.2d 397; and Smith v. City Products Corporation (Fla. DCA1, 1963), 147 So.2d 590. See also 9 Fla. Jur. 360, 361; 23 Fla. Jur. 274, 275, 276, 281.

4. At oral argument, counsel for plaintiff suggested he was proceeding under the theory of invasion of plaintiff's right to privacy. But here again the rule of "reasonable foreseeability" controls. As stated at 32 Fla. Jur. 137 and in Harms v. Miami Daily News (Fla. DCA3, 1961), 127 So.2d 715, both quoting from Cason v. Baskin (Fla. S. Ct. 1945), 155 Fla. 198, 20 So.2d 243, at page 251 —

"In order to constitute an invasion of the right of privacy, an act must be of such a nature *as a reasonable man can see might and probably would cause mental distress and injury* to anyone possessed of ordinary feelings and intelligence, situated in like circumstances as the complainant; and this question is to some extent one of law." (Italics added.)

5. The court, in passing, observes that this is not a case of a subscriber suing the telephone company under his service contract because of errors in his own listing. Even there, a strict rule is laid down as to proof of damages. See Augustine v. Southern Bell (Fla. S. Ct. 1956), 91 So.2d 320, 324, where at page 323 is cited 86 C.J.S. 272. The telephone company can limit by contract its liability. See Neering v. Southern Bell (USDC. Fla., 1958), 169 Fed. Supp. 133, and Saleeba v. Southern Bell (Duval C.C. 1960), 15 Fla. Supp. 159 (both cited in 1963 Supp., 9 Fla. Jur. — Tel. & Tel., section 25), and Horn v. Southern Bell (Dade C.C. 1962), 19 Fla. Supp. 142, in all of which cases summary judgment was entered for the telephone company. But we have no such case and plaintiff does not sue under any alleged contract with the telephone company.

6. The court is impelled to hold that under the doctrines of "reasonable foreseeability" and "independent intervening cause", the alleged negligence of the defendant telephone company was not

the proximate cause of plaintiff's damages. Erroneous listings of this type in a telephone directory intended for telephone service, in the words of the Supreme Court in the Pope case, supra, has not "so frequently resulted in the same type of injury or harm" that the defendant telephone company might reasonably anticipate, and be required to guard against, strange persons at all hours of the night who would awaken plaintiff and annoy and harass her and cause her to suffer "great physical and mental pain and anguish and severe emotional stress". And again, as said by the First District Court of Appeal in the Schatz case, supra — "In a sense all such occurrences are foreseeable. They are not, however, incident to ordinary operation — and do not happen in the ordinary and normal course of events." The actions of these strange persons were not reasonably foreseeable and moreover were the independent intervening cause of plaintiff's alleged damages.

Wherefore, it is ordered that defendant's motion for summary judgment be granted; that plaintiff, Dorothy Britt, take nothing by her suit; and that defendant Southern Bell Tel. & Tel. Co. do hereby recover of and from plaintiff Dorothy Britt the costs of plaintiff's deposition on file and used herein in the amount of $52.90, for which let execution issue.